THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>APRIL GREN BAWDEN,<br>CHAD AUSTIN BAWDEN,<br>PHILLIP GANNUSCIA,<br>DUSTIN GARR,<br>ROBERT MCKINLEY,<br>RICHARD SCOTT NEMROW, and<br>JESSICA BJARNSON<br><br>　　　　　　　Defendants. | **ORDER DENYING [446] UNITED STATES' MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND CONTINUE TRIAL DATE**<br><br>Case No. 2:22-cr-00481<br><br>District Judge David Barlow |

Before the court is the Government's Motion seeking to exclude time under the Speedy Trial Act and continue the trial date approximately ninety (90) days to around June 20, 2025.[1] For the reasons below, the court denies the motion.

## LEGAL STANDARDS

The Speedy Trial Act ("the Act") requires a trial to begin within seventy (70) days of filing the indictment or the defendant's initial appearance, whichever occurs later.[2] Under the Act, a criminal defendant is entitled to dismissal of the charges (with or without prejudice) if the seventy-day deadline is not met.[3] Certain periods of time, however, are excluded from the calculations.[4]

---

[1] ECF No. 446.
[2] 18 U.S.C. § 3161(c)(1).
[3] *Id*. § 3162(a)(2).
[4] *Id*. § 3161(h).

1

As relevant here, § 3161(h)(1)(D) of the Act excludes delays "resulting from any pretrial motion," including the time from its filing to its disposition. And § 3161(h)(7) excludes delays resulting from a continuance where the judge finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." A court continuing trial and excluding time for this "ends of justice" provision of the Act must consider certain statutory factors, which include:

 i. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuance of such proceeding impossible, or result in a miscarriage of justice.

 ii. Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

 iii. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[5]

To continue a case under this provision, the court must set forth its reasons for finding the "ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial."[6] The Court's busy calendar and the Government's lack of preparation or inability to obtain witnesses cannot form a basis for an ends-of-justice

---

[5] 18 U.S.C. § 3161(h)(7)(B).
[6] *Id*. § 3161(h)(7)(A).

2

continuance.[7] "The ends of justice exception to the otherwise precise requirements of the Act was meant to be a rarely used tool for those cases demanding more flexible treatment."[8]

## DISCUSSION

In March 2024, the parties agreed to try this case in March 2025. Because there are numerous parties, witnesses, and exhibits, the parties anticipated up to four weeks would be necessary for trial. Some of the parties further anticipated that *James* hearings may be needed. Accordingly, in May 2024, the court set this case for a four-week trial from March 28, 2025-April 25, 2025. The trial date was set nearly a year out from the parties' agreement so that they would have sufficient time to prepare in an undoubtedly complex case.

The Government focuses most of its motion to continue the trial on the availability of its trial team members. One of the attorneys, Jaime Thomas, withdrew in April 2024.[9] Another, Jennifer Muyskens, withdrew in July 2024.[10] A third, Cy Castle, withdrew in October 2024.[11] The Government also indicates that it anticipated that the United States Attorney would join the trial team but is expected to resign before trial due to the new administration's desire to make new appointments.[12] Finally, the Government notes that Brent Andrus, an attorney who joined the trial team last year, is expecting the birth of a child in the next couple of weeks.[13]

The court does note that these staffing changes have been challenging. But on the current record, it appears that these staffing changes are insufficient to justify excluding time under the Speedy Trial Act and providing a continuance because the Government has known this information for months. For example, the three attorneys at issue withdrew between three and

---

[7] *Id*. § 3161(h)(7)(C).
[8] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (cleaned up).
[9] ECF No. 409.
[10] ECF No. 424.
[11] ECF No. 431.
[12] Mot. 7–8.
[13] Mot. 8–9.

nine months ago. The Government also would have known by the presidential election in early November 2024 that the United States Attorney likely would be unavailable. And similarly, Mr. Andrus would have known he is expecting the birth of a child several months ago. In short, the principal staffing issues apparently have been known to the Government for many months, but its motion was not filed until yesterday.

The Government also notes that new evidence is being considered by some of the parties involving an unidentified Defendant's phone.[14] While significant new evidence could delay the trial, no information is provided about the volume of the new evidence and the time required to review it. And while ongoing plea negotiations obviously could significantly affect the scope and length of trial,[15] this is a common issue and, for a trial that is still two months away, does not currently provide grounds to delay the trial.

Lastly, the Government states that it anticipates some last-minute defense motions.[16] For example, the Government believes that Defendant Garr, for reasons unknown, will want a suppression hearing on a motion to suppress where the Government already has agreed not to use the evidence he wished to suppress. The Government also believes that Defendant Garr intends to file yet another motion to suppress involving unspecified evidence. And the Government believes another unidentified Defendant intends to file a belated motion to dismiss. Perhaps one or more of these hypothetical events will occur and force the rescheduling of the trial. But they have not yet occurred.

The Government also notes that this is a complex case in that it involves numerous defendants and a large volume of possible evidence. But the complexity of the case has been

---

[14] Mot. 11.
[15] *See* Mot. 11–12.
[16] Mot. 8.

known to all since early on in this case. As noted earlier, the parties agreed to the current March 2025 trial date a year earlier. Nothing in the Government's motion suggests that the case has grown more complex since then.

Accordingly, the Government's Motion, without more, is insufficient for the court to conclude that excluding time under the Speedy Trial Act and continuing the trial date furthers the ends of justice.

However, the court appreciates the practicalities involved in ongoing plea negotiations. There are potentially significant efficiencies for all involved in giving those negotiations additional time. In light of the Government's motion and impending deadlines, the court will issue an amended trial order.

## ORDER

The court DENIES the Government's Motion.

SIGNED this 24th day of January, 2025.

BY THE COURT:

_____
David Barlow
United States District Judge